**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
 seth@gutridesafier.com
MARIE A. MCCRARY (State Bar No. 262670)
 marie@gutridesafier.com
HAYLEY REYNOLDS (State Bar No. 306427)
 hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

MATTHEW T. MCCRARY (admitted *pro hac vice*)
 matt@gutridesafier.com
KALI R. BACKER (admitted *pro hac vice*)
 kali@gutridesafier.com
4450 Arapahoe Ave., Suite 100
Boulder, CO 80303
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOLLY BROWN, PARSA MILLER, and LAUREN MORGAN, as individuals, on behalf of themselves, the general public and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATURE'S PATH FOODS, INC.,<br><br>Defendant. | CASE NO. 4:21-CV-05132-HSG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY** |

The Local Rules in the Northern District of California typically do not allow litigants to submit supplementary authority after the Court takes a motion under submission. *See* Local Rule 7-3(d). When they do allow supplementary authority, it is permitted only for other judicial opinions absent special leave. *See* Local Rule 7-3(d)(2). Nature's Path's request is improper because it is not a relevant judicial opinion and comes after the Court took the motion under submission.

In any event, the FDA webpage supports Plaintiffs' position. It confirms that under

Section 101.13(o), PDCAAS *can be used* to calculate grams of protein to "determine compliance" for an *otherwise authorized* front label protein content claim (directly contrary to Nature's Path's argument in its initial brief). But neither Section 101.13(o) nor this website guidance state what protein claims Section 101.13(i)(3)—the key regulation—actually *authorizes* Nature's Path to place on its front labels. That section provides that Nature's Path can state the "amount or percentage" of a nutrient, such as protein, only if doing so is "not false or misleading in any respect." And the FDA has already expressly stated in published guidance that "protein quantity alone [i.e., a number based solely on nitrogen testing] *can be misleading* on foods that are of low protein quality" for the exact same reasons plaintiff has alleged in the complaint, i.e., not all of that protein is actually available to support the human body's protein needs. 58 Fed. Reg. 2079 at 2101-2 (emphases added). Accordingly, Section 101.13(i)(3) *requires* Nature's Path to do one of three things to avoid stating a misleading amount of protein: (1) make a protein claim based solely on the PDCAAS method; (2) make a protein claim based on a combination of the nitrogen and PDCAAS methods; or (3) do not make a protein claim at all. This FDA guidance confirms that section 101.13(o) can determine compliance for any one of those three non-misleading options.

Dated: January 24, 2022

**GUTRIDE SAFIER LLP**

*/s/ Kali Backer /s/*
SETH A. SAFIER (State Bar No. 197427)
  seth@gutridesafier.com
MARIE A. MCCRARY (State Bar No. 262670)
  marie@gutridesafier.com
HAYLEY REYNOLDS (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

MATTHEW T. MCCRARY (*pro hac vice*)
  matt@gutridesafier.com
KALI R. BACKER (*pro hac vice*)
  kali@gutridesafier.com
4450 Arapahoe Ave., Suite 100
Boulder, CO 80303

1 | Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*