**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Matthew T. McCrary (admitted *pro hac vice*)
  matt@gutridesafier.com
Kali R. Backer (admitted *pro hac vice*)
  kali@gutridesafier.com
4450 Arapahoe Ave., Suite 100
Boulder, Colorado 80303
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOLLY BROWN, PARSA MILLER, and LAUREN MORGAN, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATURE'S PATH FOODS, INC.,<br><br>Defendant. | CASE NO. 4:21-cv-05132-HSG<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   December 1, 2022<br>Time:   2:00 PST<br>Judge: Honorable Haywood S. Gilliam, Jr. |

## NOTICE OF MOTION AND MOTION

On December 1, 2022 at 2:00 PM PST in Courtroom 2, on the 4th Floor of the United States District Court for the Northern District of California (Oakland Division), Plaintiffs Molly Brown, Parsa Miller, and Lauren Morgan will, and hereby do, move, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to seek leave to file the proposed Second Amended Complaint attached hereto as Exhibit 1 to the Declaration of Kali Backer, filed concurrently. A redline indicating the differences between the Second Amended Complaint and the First Amended Complaint is attached as Exhibit 2. A redline indicating the differences between the Second Amended Complaint and the initial Complaint is also attached as Exhibit 3.

This motion is based on the following memorandum of points and authorities, the accompanying declaration of Kali Backer, the complete records and files in this action, and all matters of which the Court may take notice.

## I. INTRODUCTION

The briefing on the Motion to Dismiss the First Amended Complaint (FAC) discusses how Plaintiffs assert a new claim in the FAC alleging that the front label protein claim on Nature's Path's products was not permitted because Nature's Path failed to comply with regulatory requirements for the information that must go inside the Nutrition Facts Panel (NFP) – namely, it failed to make a statement of the "corrected amount of protein". *See* ECF No. 58 at 4-8. This claim was plainly at the forefront of the FAC and repeated throughout. *See* ECF No. 53 at ¶¶ 6, 22, 38, 42, 111. Nonetheless, Nature's Path completely overlooked the claim and did not mention it once in its Motion to Dismiss the FAC. *See* ECF No. 57. To now save face, Nature's Path untimely argues in its reply brief that the claim was improper because it exceeded the scope of the Court's leave to amend in its Order on the prior Motion to Dismiss. *See* ECF No. 59 at n. 4.

Plaintiffs disagree that the addition of the new claim necessitates a separate motion for leave to amend since, as Nature's Path admits, it is "not a 'new claim'". *See id*. at 1-2. With that said, given Nature's Path's position and in abundance of caution, Plaintiffs seek leave to file a Second Amended Complaint (SAC). The SAC includes the new claim alleging that the front label protein claim is unlawful due to Nature's Path's failure to abide by the requirements for the NFP. The allegations further explain – as discussed in Plaintiff's briefing on the motion to dismiss – that the front label claim is unlawful by virtue of §§ 101.13(n) and (b). While the claim already implicitly incorporates those regulations, the amendments make it clear. Finally, the SAC puts Nature's Path's complaints about the reliance allegations to rest and alleges exactly what Nature's Path claims was missing from the FAC – something that can be easily resolved through an amendment.

The claim is not futile because it directly tracks the regulations. The claim should not come as a surprise to Nature's Path since it was discussed in briefing and in the FAC itself. Nature's Path also cannot argue that there is undue delay since (i) the case is in its earliest stages, and (ii) it waited to raise F.R.C.P. 15(a) until its reply in support of its Motion Dismiss the FAC was fully briefed. The Court should grant leave.

## II. BACKGROUND

Plaintiffs filed their initial Complaint on July 2, 2021. *See* ECF No. 1. Plaintiffs asserted three theories: (1) the front label protein claim was misleading because it was based purely on nitrogen testing rather than a more accurate methodology, PDCAAS; (2) the NFP was misleading and unlawful because Nature's Path failed to include a %DV as it was required to do under § 101.9(c)(7)(i)-(ii) since it made a nutrient content claim; and (3) Nature's Path's failure to make the "added ingredient" disclaimer below its protein claim was misleading and unlawful.

Nature's Path moved to dismiss, and the Court granted the motion with leave to amend on March 10, 2022. *See* ECF Nos. 18 and 50. In particular, the Court dismissed the front label claim as preempted because FDA's "regulations do not require protein content claims to adjust for digestibility or to be calculated using amino acid content testing." ECF 50 at 10. The Court also dismissed the claim based on the omission of the %DV due to concerns about the reliance allegations but granted leave to amend, and the claim regarding the added ingredient claim survived. *See id.* at 6, 11.

On March 24, 2022, Nature's Path filed a Motion for Leave to File a Motion for Reconsideration. In that Motion, Nature's Path argued that the Court should have dismissed the claim based on the added ingredient disclaimer since Nature's Path contended that Plaintiffs conceded they did not rely on it. *See* ECF No. 51. The Court denied the Motion but signaled it would allow Nature's Path to make the argument in subsequent briefing.

Consistent with the Court's Order granting leave to amend, Plaintiffs filed a First Amended Complaint on March 31, 2022. *See* ECF No. 53. In addition to the two claims that were permitted to proceed, Plaintiffs asserted a new claim as to the unlawfulness of the front label. That claim alleges that Nature's Path was never allowed to make front label protein claims because the FDA conditions the ability to make such claims on compliance with the rules governing the NFP. *See* FAC at ¶¶ 6, 22, 38, 42, 111. The FAC also added substantial allegations as to Plaintiffs' reliance on the absence of the %DV and further allegations as to their reliance on the lack of prominence of the "added ingredient" disclaimer given that Nature's Path position in its Motion for Leave to File a Motion for Reconsideration.

Nature's Path moved to dismiss the FAC on April 28, 2022. *See* ECF No. 57. The Motion to Dismiss ignored the new front label claim, not mentioning it once. The Motion, instead, focused on purported deficiencies with the reliance allegations, arguing that Plaintiffs should have used specific language, specifically that it should have alleged that "Plaintiffs looked at the Nutrition Facts Panel on the Hemp Hearts Granola." *Id*. at 2. When Plaintiffs noted the failure to address the new front label unlawful claim, Nature's Path responded in its reply brief by claiming its inclusion in the FAC was improper and violated F.R.C.P. 15.

Nature's Path's position prompted Plaintiffs to file this Motion; Plaintiffs now seek leave to add that claim pursuant to F.R.C.P. 15 as well as additional FDA regulations that Nature's Path violated in connection with that claim. Plaintiffs also seek leave to add the specific reliance allegation Nature's Path claims is required.

### III.     ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend it "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In accordance with Rule 15(a)(2), the Ninth Circuit encourages a liberal approach to amendment of the pleadings. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990) (leave to amend granted with "extreme liberality"); *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (same).

Courts should deny leave to amend only where there is strong evidence of undue delay, bad faith, or dilatory motives on the part of the moving party, or where the amendment is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). Given the liberal standards mandated by Rule 15, "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel*

*Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986). None of these circumstances are present here. This Court should grant Plaintiff leave to amend.

### A. The Proposed Amendment Is Not Futile.

Amendment is futile only if the proposed amended complaint could not survive a motion to dismiss or if the plaintiff "could not prevail on the merits." *Smith v. Commanding Officer, Air Force Accounting & Finance Center*, 555 F.2d 234, 235 (9th Cir. 1977). Here, Plaintiffs allege UCL, CLRA, FAL and fraud causes of action based on the unlawful front label protein claim. The front label claims are different from the claim found to be preempted. Unlike the prior claim, the new front label claims does not challenge the methodology used; rather, it alleges that Nature's Path was prohibited from making a front label claim because it failed to comply with § 101.9(c)(7)(i) and state the "corrected amount of protein" in the NFP in the form of a %DV.

As explained in Plaintiffs' Opposition to the Motion to Dismiss the FAC, *see* ECF No. 58, the claim directly tracks the regulations. Section 101.9(c)(7)(i) plainly states that if a product makes a "protein claim" the manufacturer "***shall***" calculate the "corrected amount of protein per serving" using PDCAAS, and provide a statement to consumers of that corrected amount per serving expressed as a %DV in the NFP. FDA conditions a manufacturer's ability to make a front label nutrient content claim upon compliance with these requirements for the NFP. In particular, §101.13(n) – a section that relates to nutrient content claims – provides that "[n]utrition labeling in accordance with § 101.9…***shall be provided for any food for which a nutrient content claim is made***." Section 101.13(b), in turn, states "a nutrient content claim[] ***may not be made on the label***…unless the claim is made in accordance with this regulation [i.e., § 101.13]…". Accordingly, FDA's regulations expressly prohibit front label protein claims when the product does not satisfy § 101.9(c)(7)(i)'s requirements. Given the clear state of the regulations, Nature's Path never even attempted to argue that its conduct complied with these regulations or that it is preempted. Because Plaintiffs allege that they read and relied "***on the statement at issue***" (i.e., the front label protein claim here), these allegations suffice to plead each cause of action. *Nacarino v. Chobani, LLC*, 2022 U.S. Dist. LEXIS 20671, at *19 (N.D. Cal. Feb. 4, 2022) (emphasis added). Plaintiffs also adequately plead reliance on the NFP.

The reliance allegations as to the other claims are not futile either. This Court granted Plaintiffs leave to amend their reliance allegations. Plaintiffs added robust allegations describing exactly how they would have acted differently had the %DV been disclosed. *See Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015) (under the CLRA and the UCL, to prove reliance on an omission, a plaintiff must prove that had the omitted information been disclosed, "one would have been aware of it and behaved differently"). Plaintiffs allege they would have been aware of the %DV had it been disclosed because they regularly check for it and they would not have purchased the products, or would have paid less. FAC ¶¶ 59, 64, 69.

Nature's Path nonetheless continues to maintain that the allegations are deficient because Plaintiffs did not use specific language it claims is necessary, specifically that Plaintiffs "looked at" the Nutrition Facts Panel for the Hemp Hearts Granola. ECF 57 at 2. The SAC adds the language that Nature's Path claims was missing to finally resolve the issue. Nature's Path also argued in its Motion to Dismiss the FAC that the Court should strike the new allegations as to the added ingredient disclaimer. There are many reasons why this argument fails, including the fact that Nature's Path did not move within the 21-day time period required under Rule 12(f). These arguments are addressed in the Opposition to the Motion to Dismiss the FAC and need not be repeated here. *See* ECF 59 at 15. But even if the argument had any merit, the remedy is to allow Plaintiffs to amend, which they are doing here. See *Ctr. for Food Safety v. Sanderson Farms, Inc.*, No. 17-cv-03592-RS, 2019 U.S. Dist. LEXIS 229970, at *5 (N.D. Cal. Mar. 18, 2019) ("[w]hen striking a claim or defense, leave to amend should be freely given if doing so does not cause prejudice to the opposing party.")

**B.     Defendant Will Not Be Prejudiced By The Amendment.**

The amendment will not prejudice Nature's Path. The SAC does not substantially change the operative facts with regard to Nature's Path, nor does it add any additional causes of actions. Indeed, Nature's Path itself concedes that the front label claim "is not a 'new claim'". ECF No. 59 at 5. At a minimum, Nature's Path has had notice of the claims since the filing of the FAC where it was repeated throughout. Indeed, Nature's Path did not challenge the claim – let alone, even mention it – in its Motion to Dismiss the FAC. It cannot acquiesce to the claim and then

argue that it is somehow prejudiced by its inclusion in the case. The reliance amendments do not prejudice Nature's Path either. They add further factual details to what was already alleged. All in all, Nature's Path has not sustained any prejudice that comes close to the prejudice that justifies a denial of a request for leave to amend at this early stage. *See, e.g.*, *Jordan v. Advanced Med. Reviews, LLC*, 2021 U.S. Dist. LEXIS 93504, at *7 (C.D. Cal. May 17, 2021) (finding that any arguments as to prejudice "would be unavailing" because "the case is still in its nascent stages—the Court has not even conducted a status conference to lay out the important deadlines like the discovery and motion cutoff [so] [t]here would therefore be little change in how the parties litigate this case"); *Naranjo v. Bank of Am. Nat'l Ass'n*, 2015 U.S. Dist. LEXIS 25899, at *10 (N.D. Cal. Feb. 27, 2015) (explaining that "[p]rejudice has been found where the parties have engaged in voluminous and protracted discovery prior to amendment, or where expense, delay, and wear and tear on individuals and companies is shown.") (internal quotations omitted).

### C. The Amendment Is Timely.

Finally, there has not been any undue delay, nor is this amendment being sought in bad faith. Setting aside that "[u]ndue delay by itself, however, is insufficient to justify denying a motion to amend," this case is in its earliest stages. *Bowles v. Reade*, 198 F. 3d 752 (9th Cir. 1999). The Court has not entered a case schedule or set a deadline for amending the pleadings. The parties have not engaged in any discovery since the Court stayed discovery at the last case management conference. A trial date also has not been set. While it is true that Defendant's motion to dismiss is pending, that alone is not a reason for denying the amendment. *See e.g.*, *Naranjo v. Bank of Am. Nat'l Ass'n*, 2015 U.S. Dist. LEXIS 25899, at *17-18 (N.D. Cal. Feb. 27, 2015).

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that they be permitted to file the Second Amended Complaint in Exhibit 1 to the Backer Declaration.

///

Dated: June 24, 2022

**GUTRIDE SAFIER LLP**

*/s/ Seth A. Safier*
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Matthew T. McCrary (admitted *pro hac vice*)
  matt@gutridesafier.com
Kali R. Backer (admitted *pro hac vice*)
  kali@gutridesafier.com
4450 Arapahoe Ave., Suite 100
Boulder, Colorado 80303
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*