UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOLLY BROWN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NATURES PATH FOODS, INC.,<br><br>    Defendant. | Case No. 21-cv-05132-HSG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 60 |

Before the Court is Plaintiffs' motion for leave to file a second amended complaint. Dkt. No. 60 ("Mot.").[1] Defendant Nature's Path Foods, Inc. ("Defendant" or "Nature's Path") opposes the motion. Dkt. No. 65 ("Opp."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons below, Plaintiffs' motion is **GRANTED.**

## I. BACKGROUND

Plaintiffs filed their original complaint in July 2021, alleging that the protein representations on the labels of more than fifty Nature's Path products (the "Products") are false and misleading because they overstate the amount of protein provided and fail to include the legally required "daily value" percentage for protein on the nutrition facts panels located on the side or back labels of the Products. Dkt. No. 1. Nature's Path argued in its first Motion to Dismiss that Plaintiffs' claims fail because the Complaint did not allege that any of the plaintiffs read or relied on the nutrition facts panels when making their purchasing decisions. Dkt. No. 18. The Court agreed that Plaintiffs' claims suffered from "a reliance problem" and granted Plaintiffs

---

[1] The named plaintiffs in this case are Molly Brown, Parsa Miller, and Lauren Morgan.

leave to amend to cure the defect. Dkt. No. 50 at 6-7.

The First Amended Complaint (FAC) attempted to do so by alleging that Plaintiffs "regularly check[] the NFP [Nutrition Facts Panel] before purchasing any product." Dkt. No. 53 ¶¶ 59, 64, 69. In response, Nature's Path filed its second motion to dismiss, which argues that the FAC still fails to plead that any plaintiff reviewed and actually relied on the Products' Nutrition Facts Panel prior to purchase. Dkt. No. 57 at 9. Plaintiffs now seek leave to file a second amended complaint, which would more specifically allege that Plaintiffs "looked at and read the NFP [Nutrition Facts Panel] on the Hemp Hearts Granola before purchasing it for the first time." Dkt. No. 60-3 ("Proposed SAC"), ¶¶ 63, 68, 73.

## II.  LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to amend the complaint once, as a matter of right, prior to the filing of a responsive pleading. *See* Fed. R. Civ. P. 15(a). Once the complaint has been amended, a plaintiff must then seek leave of court or written consent of the adverse party before further amendment may be made. *See id.* The Court shall grant leave to amend "when justice so requires." *Id.* The Court must be guided by Rule 15's underlying purpose: to facilitate decision on the merits, rather than on the pleadings or technicalities. *See Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). Thus, requests for leave to amend should be granted with "extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). When considering whether to grant leave to amend, district courts consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962). Of the *Foman* factors, prejudice to the opposing party carries the most weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III.  DISCUSSION

Nature's Path essentially argues that Plaintiffs should not be given leave because (1) Plaintiffs' proposed allegations are not credible; (2) Nature's Path would be prejudiced by having to brief a third Motions to Dismiss; and (3) Plaintiffs unduly delayed in seeking to file the

Proposed SAC. *See generally* Opp. In light of Rule 15's extremely deferential standard, the Court grants Plaintiffs leave to file the Proposed SAC.

First, and most importantly, the Proposed SAC is not futile and would likely "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The Proposed SAC seeks to allege that Plaintiffs "looked at and read the NFP [Nutrition Facts Panel] on the Hemp Hearts Granola before purchasing it for the first time." Dkt. No. 60-3 ("Proposed SAC"), ¶¶ 63, 68, 73. That allegation would plainly support Plaintiffs' argument that they have Article III standing to challenge the Products' nutrition facts panels because they actually reviewed and relied on them before buying the Products. While the Court "will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed," *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003), it notes that the Proposed SAC's allegation would appear to address the "reliance problem" that the Court previously highlighted. *See* Dkt. No. 50 at 6 ("What is missing are facts allowing the Court to reasonably infer that Plaintiffs made their purchasing decisions based on anything other than the Products' front labels.").

Nature's Path chief argument in opposition is that Plaintiffs' newly proposed allegations of reliance are "not credible." Opp. at 6. But that argument is brought at the wrong stage of this lawsuit. Whether Plaintiffs reviewed the Products' nutrition facts panels clearly raises a question of fact that cannot be resolved on a motion to file an amended complaint or even a substantive motion to dismiss that complaint, since at the pleading stage the Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations in the light most favorable to Plaintiffs. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

That said, the Court acknowledges that Nature's Path would suffer prejudice by having to respond to a third complaint, since they have already briefed two motions to dismiss, the last of which is ready to be decided. *See McGovney v. Aerohive Networks, Inc.*, No. 18-CV-00435-LHK, 2019 WL 8137143, at *18 (N.D. Cal. Aug. 7, 2019) (finding that "leave to amend would be unduly prejudicial to Defendants because the SAC is Plaintiffs' third complaint, and Defendants

3

have already briefed two motions to dismiss."); *Franczak v. Suntrust Mortg. Inc.*, No. 5:12-CV-01453 EJD, 2013 WL 4764327, at *4 (N.D. Cal. Sept. 5, 2013) (finding amendment prejudicial where "Plaintiff has created a situation whereby Defendant's second, fully-briefed motion to dismiss could be rendered moot just at the point when it is ready to be decided."). And the Court also agrees that some undue delay may be present here. Ultimately, Plaintiffs have not offered a coherent explanation as to why it took almost one year for them to simply allege that they read the nutrition facts panels before buying the Products. That prejudice and unexplained delay weigh in favor of denying leave. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (holding that an unexplained delay of just eight months from the time the facts underlying a cause of action were known until the time of filing for leave to amend constituted an undue delay); *Utterkar v. Ebix, Inc.*, No. 14-CV-02250-LHK, 2015 WL 5027986, at *7 (N.D. Cal. Aug. 25, 2015) (finding undue delay and rejecting leave to file another amended complaint where the plaintiff knew of the facts underlying the causes of action for over ten months but offered no explanation for why the new causes of action were not brought earlier).

But in the end, the Court finds it dispositive that the Proposed SAC would facilitate a decision of Plaintiffs' remaining claims on the merits, rather than on the pleadings or technicalities. *Lopez*, 203 F.3d at 1127. Any skepticism as to the veracity of Plaintiffs' proposed allegations "is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008). Since requests for leave to amend should be granted with "extreme liberality," the Court **GRANTS** Plaintiffs' motion. *See Brown*, 953 F.3d at 574.

Plaintiffs shall file the proposed Second Amended Complaint attached as Exhibit 2 to the Declaration of Kali Backer ISO Plaintiffs' Motion For Leave by August 19, 2022.[2]

In light of the similarities between the First and Second Amended Complaints, the Court is

---

[2] The Proposed SAC would also allege that Nature's Path failed to comply with § 101.9(c)(7)(i) and state the "corrected amount of protein" in the nutrition facts panel in the form of a percentage of daily value, which in turn rendered the front label nutrient content claims unlawful under 21 C.F.R. §§ 101.13(n) & (b). Dkt. No. 66 at 4. It may allege this theory but may not add any new claims or theories. The Court will consider Plaintiffs' standing to pursue this theory, as well as its merits, in its resolution of the pending motion to dismiss.

of the view that the issues raised in the pending Motion to Dismiss the First Amended Complaint are ripe for decision. A third round of elongated briefing is unnecessary. To the extent either party wishes to file a supplemental brief addressing the impact of the Second Amended Complaint's new allegations on Nature's Path's pending motion, they may do so by August 26, 2022. The supplemental brief may not exceed ten pages. The motion hearing currently set for August 25, 2022 is **CONTINUED** to September 15, 2022, at 2:00 PM in Oakland, Courtroom 2, 4th Floor before the undersigned. This Order **TERMINATES** Dkt. No. 63.

**IT IS SO ORDERED.**

Dated:   8/15/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge