GUTRIDE SAFIER LLP Attorneys at Law

August 10, 2023

Honorable Laurel Beeler
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

VIA CM/ECF

**Re:** ***Brown et al v. Nature's Path Foods, Inc.*, Case No. 4:21-cv-05132-HSG - Discovery Letter Brief No. 2 Regarding Discovery on Protein Testing**

Dear Judge Beeler:

This is a false advertising case that relates to the protein claims that Defendant Nature's Path, Inc. ("Nature's Path" or "Defendant") makes on the front labels of its products. The parties cannot resolve their differences regarding discovery on protein testing. Accordingly, the parties met and conferred via Zoom on July 18, 2023, among other conversations.

## I. Discovery on Protein Testing

### A. Disputed Discovery Requests

Plaintiffs served their first set of Interrogatories and Requests for Production on October 11, 2021. Nature's Path provided responses on November 24, 2021 and then supplemental responses on April 21, 2023. The discovery requests pertinent to the dispute are as follows: Interrogatories No. 4, 6, 8, Requests for Production No. 22, 23, and Requests for Admission 1-5. The relevant requests and Nature's Path's responses are attached.

### B. Plaintiffs' Statement

Defendant Nature's Path, Inc. attracts consumers to its products by advertising protein on their front labels, such as "4g protein" on its Brown Sugar Maple Instant Oatmeal. This leads consumers to believe all the protein advertised is useable by the human body. But, in truth, the products consist of low quality proteins, meaning the products "will provide nutritionally as little as *half* of their total protein quantity" since not all proteins are fully usable by the human body. Third Amended Complaint (Dkt. No. 113) ¶ 6. Because Nature's Path chose to advertise protein on the front of its labels, it was legally obligated to state the percent of daily value for protein ("%DV") in the Nutrition Facts Panel ("NFP"), which would have revealed to consumers "how much protein the product actually provides." Order Denying Motion to Dismiss (Dkt. No. 82) ("Order") at 6. Nature's Path, instead, chose to omit the %DV to conceal the protein's true value. Plaintiffs allege that the front label protein claims are misleading in the absence of the %DV.

The reason why the %DV would have revealed "how much protein the product actually provides," *see* Order at 6, is because it is based on a testing method that takes into account protein quality (i.e., usability) called the "protein digestibility-corrected amino acid score" ("PDCAAS"). To calculate the %DV, a manufacturer must take the quantity of protein, apply PDCAAS to determine what the regulations call the "corrected amount of protein per serving" and then divide it by 50 grams (i.e. FDA's recommended daily amount of protein). In contrast, Defendant's front label claims are alleged to be based on a test that only factors in protein quantity, believed to be nitrogen testing – although Defendant refuses to confirm such in discovery.

Because the core of the claim is that the front label protein claims are deceptive, the data underlying *how* Nature's Path calculated the front label protein claims, the testing it used, and communications about testing are plainly discoverable and directly relevant to the claim.

"The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad." *Stemcell Techs. Can. Inc. v. StemExpress, LLC*, No. 21-cv-01594-VC (LB), 2022 U.S. Dist. LEXIS 106145, at *4 (N.D. Cal. June 14, 2022) (Beeler, J "The plaintiff must show only that, given its claim, the requested discovery is relevant and proportional to the needs of this case." *Goes Int'l, AB v. Dodur Ltd*., 2016 U.S. Dist. LEXIS 13748, at *5 (N.D. Cal. Feb. 4, 2016) (Beeler, J.).

Defendant refuses to produce any documents or information related to protein testing in the Products, contending that all discovery related to PDCAAS and nitrogen testing is irrelevant. Discovery into testing is relevant to this case for a number of reasons. *First*, the testing used to derive the front label claims will explain what the front label figures actually mean. After all, Plaintiffs will ultimately have to prove at trial that the front label claims are deceptive. Plaintiffs cannot do so in a vacuum. They will have to show where those figures came from, what information they reflect, and why the %DV would have revealed additional information.[1]

*Second*, there is no dispute that the %DV for protein is central to this case. After all, the ***%DV is calculated using PDCAAS***. *See* 21 C.F.R. §101.9(c)(7)(ii). Therefore, any testing and communications regarding PDCAAS is relevant. *Finally*, documents and discussions about protein testing go to Defendant's knowledge of the deceptiveness of its protein claims. Plaintiffs, for instance, assert a claim under the False Advertising Law, Cal. Bus. & Prof. Code §17500, which makes it "unlawful" for any person to disseminate any advertising "which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

Aside from asserting boilerplate objections, Nature's Path's only reason for objecting to discovery on testing is that it relates to a claim the Court dismissed. Simply because documents are relevant to a dismissed claim does not mean they are *automatically* irrelevant to the remaining claims. In doing so, Nature's Path asks the Court to engage in the wrong analysis. The only question is whether the discovery is relevant to the claims before the Court. Nature's Path itself admits that the claim alleging the front label protein claim is misleading in the absence of the %DV is at issue. It has no response whatsoever as to why the testing information is irrelevant *to this claim*.

As a final compromise, Plaintiffs proposed to Defendant that it provide complete responses to Interrogatories Nos. 4 and 8 – as opposed to all the Interrogatories above –, admit Requests for Admission Nos. 1-5, and run the following searches:

Protein and (PDCAAS or digestib! or "amino acid" or nitrogen or test!)
Protein w/50 (test! or lab!)

Defendant declined the offer and refused to propose a compromise.

---

[1] To compound the problem, Defendant denies that it used *both* PDCAAS and nitrogen testing for its front labels. *See* RFA Nos. 4 and 5. To the extent Defendant used a different test, that is plainly discoverable since Plaintiffs claims turns on what information the %DV would have revealed.

### C. Defendant's Statement

Plaintiffs allege that the protein statements on over fifty Nature's Path's products—from cereals to granolas to waffles—were deceptive and unlawful under technical FDA regulations. Specifically, in Plaintiffs' Third Amended Complaint (Dkt. No. 113) ("TAC") Plaintiffs allege that Nature's Path misled consumers and violated these FDA regulations because (1) the words "WITH MILK" under the front-label statement of the grams of protein in Nature's Path's products was too small, leading consumers to believe that all of the protein in the product came from the product standing alone (without milk added); and (2) Nature's Path unlawfully omitted the percent daily value ("%DV") for protein on the Nutrition Facts Panel, which they allege would have revealed information regarding protein quality to the reasonable consumer.

In this dispute, Plaintiffs seek discovery into two "buckets" of information that are not relevant to Plaintiffs' live claims or proportional to the needs of the case: (1) Discovery relating to how Nature's Path calculated and tested the front label statement of protein in its products (ROGs 4, 6, 8; RFPs 22-23; RFAs No. 1 and 5); and (2) Discovery relating to the "Protein Digestibility Corrected Amino Acid Score" ("PDCAAS") or the "Corrected Amount of Protein" in Nature's Path's products, which are components of the %DV that Plaintiffs allege Nature's Path omitted. (RFAs 1-4). But as discussed further below, Plaintiffs do not need this information to prove their claims, and discovery into these topics is unlikely to lead to the discovery of admissible evidence. Plaintiffs' claims regarding how Nature's Path calculated the front label statement of protein have been dismissed, and Nature's Path has already offered to amend its discovery responses to clarify that it did not calculate the %DV for protein and did not put the %DV for protein on its labels. Accordingly, discovery into the topics that Plaintiffs seek to explore are not relevant to this case.

<u>Case Background</u>

Plaintiffs filed this case over two years ago, advancing various theories. They initially asserted three main theories: (1) the amount of protein listed on the front label of Nature's Path's Products is overstated because Nature's Path used the wrong testing or methodology (the amino acid method, as opposed to Plaintiffs' preferred "nitrogen method") to calculate the total amount of protein ("Front Label Claim"); (2) Nature's Path failed to disclose %DV for protein in the Nutrition Facts Panel ("%DV Claim"); and (3) the product that Plaintiffs bought states "PROTEIN PER SERVING WITH MILK" on its front label, but "WITH MILK," was insufficiently prominent for Plaintiffs ("WITH MILK Claim"). (Dkt. No. 1)

In August 2021, Nature's Path moved to dismiss Plaintiffs' original complaint, arguing that Plaintiffs' Front Label claims regarding ***how*** the front label statement of protein quantity was calculated were expressly preempted. (Dkt. No. 18.) While Nature's Path's first Motion to Dismiss was pending, Plaintiffs served their discovery requests, seeking information that Plaintiffs presumably believed were relevant to all three of their claims. But, in March 2023, the Court granted Nature's Path's Motion to Dismiss with regard to Plaintiffs' deficient Front Label claim, finding that "[i]n light of the FDA's guidance, the Court finds that the Complaint does not allege that Nature's Path used an improper methodology to calculate its front label protein content claims. **This is because the FDA has now made clear that its regulations do not require protein content claims to adjust for digestibility or to be calculated using amino acid content testing.**" (Dkt. No. 50 at 10.) The Court did not grant Plaintiffs leave to amend on this claim. (*Id.* at 11.)

In light of the Court's ruling, Plaintiffs' Operative Complaint now alleges that Plaintiffs were deceived because Nature's Path omitted the %DV from the Nutrition Facts Panel and the words "WITH MILK" were too inconspicuous for Plaintiffs. These are the ***only*** live claims.

Discovery Relating to Nature's Path's Front Label Statements of Protein (ROGs Nos. 4, 6, 8; RFPs Nos. 22-23 and RFAs Nos. 1, 5)

***First,*** Plaintiffs ask this Court to permit discovery into issues that relate only to claims that the Court has already dismissed as expressly preempted and claims that Plaintiffs themselves have already noted, on the record, they do not intend to pursue. Plaintiffs have no reasonable basis for seeking this information. *See e.g., Holley v. Gilead Scis., Inc.*, 410 F. Supp. 3d 1096 ("Plaintiffs cannot obtain discovery on claims that have been dismissed.").

Plaintiffs never served amended discovery requests after the Court dismissed their Front Label Claim, but now ask Nature's Path to answer discovery pertaining to those dismissed claims. In Interrogatories Nos. 4, 6 and 8, Requests for the Production of Documents Nos. 22 and 23 and Requests for Admission Nos. 1 and 5, Plaintiffs seek information on how Nature's Path tested or determined protein quantity for its front labels, even though Judge Gilliam held in no uncertain terms that Plaintiffs' claims pertaining to the methodology used to determine the front label quantity of protein are no longer live. While Plaintiffs' requests may have made sense at the inception of the litigation, Plaintiffs offer no coherent explanation for why these requests are still relevant in light of the Court's Order and the claims (regarding the conspicuousness of "WITH MILK" and the omission of the %DV for protein) that are actually in Plaintiffs' operative TAC.

Plaintiffs argue that "because the core of [their] claim is that the front label protein claims are deceptive, the data underlying how Nature's Path calculated the front label protein claims, the testing it used, and communications about testing are plainly discoverable and directly relevant to the claim." But this argument is inconsistent with the Court's Order holding that Plaintiffs cannot maintain a claim premised on their theory that the front label statement of protein was unlawfully or deceptively calculated, (Dkt. No. 50 at 9-10.), and ignores that Plaintiffs have admitted that the crux of their claims now lie in their theory that "the Products' front label protein claims are misleading, in the absence of any statement of the corrected amount of protein as expressed as a %DV in the [Nutrition Facts Panel]." (Dkt. No. 83 at 3.) Plaintiffs do not need information on how Nature's Path calculated its front label statement of protein quantity, because their live deception claims are premised on the ***absence*** of the %DV, not the methodology for calculating the front label statement of protein. Plaintiffs should not be permitted to utilize discovery to probe questions that the Court has determined preempted and which do not relate to their current theory of the case. Similarly, Plaintiffs should not be permitted to revive their now-dismissed Front Label Claim by bootstrapping allegations regarding the omission of the %DV for protein to it.

Discovery Relating to PDCAAS or the "Corrected Amount of Protein" (RFAs 2-4)

***Second***, Plaintiffs seek information regarding whether Nature's Path determined the PDCAAS or "Corrected Amount of Protein Per Serving" for its products, even though their claims rest on the omission of the %DV for protein in the Nutrition Facts Panel.

PDCAAS and the "Corrected Amount of Protein Per Serving" are both numbers that go into the calculation of the %DV for protein. As Plaintiffs allege in their operative TAC, PDCAAS is a method by which to measure protein quality, combining a protein source's amino acid profile and its percent digestibility into a factor (ranging from 0-1) that "shows how much protein in a product is actually available to support human nutritional requirements." (*See* Dkt. No. 113 at ¶ 4.) Plaintiffs allege that because Nature's Path's products are primarily composed of oats, which are a "low quality protein with a PDCAAS score of 0.5 and 0.6, which means [the] products will provide nutritionally as little as half of their total protein quantity." (*Id.* at ¶ 6.) PDCAAS scores for various ingredients are publicly available.[2]

Similarly, FDA uses the term "Corrected Amount of Protein" to refer to the actual amount of protein (in grams) multiplied by the PDCAAS score of a given food. 21 C.F.R. § 101.9(c)(7)(ii). The %DV for protein—whose alleged omission is central to Plaintiffs' claims here—is the percent daily value of that "Corrected Amount of Protein." *See* 21 C.F.R. § 101.9(c)(7)(i).

As discussed above, Nature's Path has already represented to Plaintiffs that it did not calculate the %DV for its products sold during the relevant time period and has offered to amend its discovery responses accordingly. Nevertheless, Plaintiffs argue that they are entitled to know whether Nature's Path determined the PDCAAS or "Corrected Amount of Protein" for its products because those figures factor into the %DV calculation. Plaintiffs' arguments regarding PDCAAS and the "Corrected Amount of Protein" are meritless, however, because there is no dispute that the %DV for protein was missing from the labels of Nature's Path's products sold during the relevant time period, and Plaintiffs allegedly purchased Nature's Path's products in spite of the obvious omission. In fact, Plaintiffs allege that they believed the omitted %DV meant that "all of [the] disclosed grams" of protein in Nature's Path's products were "in a form [their] bodies [could] use as protein," despite acknowledging that Nature's Path's products are primarily composed of oats and oats have a PDCAAS score of 0.5-0.6. (*See* TAC at ¶¶ 67, 72, 77, 82, 86.)

Plaintiffs do not need information regarding whether Nature's Path determined the PDCAAS or the "Corrected Amount of Protein" for its products, because what matters is whether Nature's Path actually determined the %DV for its products and put that %DV on its Nutrition Facts Panels (and as it has explained to Plaintiffs already, Nature's Path did not).[3] Plaintiffs provide no basis for why Nature's Path's calculation of PDCAAS or the "Corrected Amount of Protein" is relevant or reasonably calculated to lead to the discovery of admissible evidence in a labeling case premised on the omission of the %DV for protein. *See* Fed. R. Civ. P. 26(b)(1).

---

[2] *See* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5420553/table/T1/#tfn2 (last accessed August 9, 2023) (listing the PDCAAS scores for various products).

[3] Plaintiffs' allegation that Nature's Path declined Plaintiffs' offers to compromise and "refused to propose a compromise" is inaccurate. Nature's Path has met and conferred with Plaintiffs in good faith, and the parties have been able to resolve a number of disputes among themselves, including through the process of this discovery dispute letter. Nature's Path has agreed to run the following search terms, among others, pertaining to the issues that remain in this case, like: Protein w/150 ("daily value" or "percent daily value" or "DRV" or "nutrition facts" or "DV" or "##%dv" or "##dv%" or panel); and Protein w/50 (analysis or analyz* or study or studies or studied or evaulat* or report* or investigat* or survey* or research*).

Dated: August 10, 2023

s/ Kali R. Backer
**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutrideafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Matthew T. McCrary (admitted *pro hac vice*)
matt@gutridesafier.com
Kali R. Backer (admitted *pro hac vice*)
kali@gutridesafier.com
4450 Arapahoe Ave., Suite 100
Boulder, CO 80303
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

/s/ Claudia M. Vetesi
**MORRISON & FOERSTER LLP**
Claudia M. Vetesi (State Bar No. 233485)
cvetesi@mofo.com
Lena Gankin (State Bar No. 333047)
lgankin@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Lauren N. Margolies (admitted *pro hac vice*)
lmargolies@mofo.com
250 W. 55th Street
New York, NY 10019
Telephone: (212) 336-4380
Facsimile: (212) 468-7900

*Attorneys for Defendant*