**<u>Discovery Requests at Issue</u>**

Disputed portions are in red font.

**INTERROGATORY NO. 4:**

For each PRODUCT offered for sale during the CLASS PERIOD, IDENTIFY the protein content of the PRODUCT, INCLUDING if the protein content was tested, by whom, when (each occasion) and the methodology used to test it.

<u>RESPONSE TO INTERROGATORY NO. 1:</u>

Defendant objects to Plaintiffs' definition of the term "PRODUCTS" because it is unclear which products remain at issue in this case. To the extent that Plaintiffs allege that there are products at issue beyond those listed in Exhibit B to the SAC, "Products" is overbroad and vague. Defendant objects to this Interrogatory as geographically overbroad in that it is not limited to the products sold in the state of California. Defendant further objects to this Interrogatory as overbroad on the grounds it seeks information that is irrelevant and disproportionate to the needs of the case because it pertains to the Dismissed Claims. Plaintiffs challenge two specific statements that appear on the ***product labels*** of the Challenged Products: (1) the conspicuousness of the words "WITH MILK" on the front label of the Challenged Products and (2) the alleged omission of the DV% for protein on the Nutrition Facts Panel on the Challenged Products. Accordingly, the protein content of the Challenged Products are not relevant to Plaintiffs' labeling claims. Defendant further objects to this Interrogatory to the extent that it seeks the production of information protected against disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Defendant further objects to this Interrogatory as improperly compound. Defendant also objects to this Interrogatory because Plaintiffs already have the information requested in their possession or available to them, as accurate protein content is stated on the nutritional facts panel for each of the Challenged Products. Defendant objects to this Interrogatory to the extent it seeks the disclosure of commercially sensitive or proprietary and confidential information, which has not been disclosed publicly and which, if disclosed, would cause Defendant harm.

**INTERROGATORY NO. 6:**

For each PRODUCT where DEFENDANT represented on the PRODUCT LABEL outside the Nutrition Facts Panel a protein content, set forth the (i) PRODUCT, (ii) the represented protein content, (ii) the time period for the protein content representation, and (iv) IDENTIFY the testing associated with the represented protein content claim, INCLUDING if the protein content was tested, by whom, when (each occasion) and the methodology used to test it.

<u>RESPONSE TO INTERROGATORY NO. 2:</u>

Defendant objects to Plaintiffs' definition of the terms "PRODUCTS" and "PRODUCT LABELS" because it is unclear which products remain at issue in this case. To the extent that Plaintiffs allege that there are products at issue beyond those listed in Exhibit B to the SAC, "Products" and "Product Labels" is overbroad and vague. Defendant objects to this Interrogatory as geographically overbroad in that it is not limited to the products sold in the state of California. Defendant objects to this Interrogatory as improperly compound. Defendant object to this Interrogatory as vague and ambiguous as to the undefined phrases "testing associated with" and "the time period for the protein content representation." Defendant further objects to this Interrogatory as overbroad on the grounds it seeks information that is irrelevant and disproportionate to the needs of the case, including because it calls for information pertaining to the Dismissed Claims. Plaintiffs challenge two specific statements that appear on the product labels of the Challenged Products: (1) the conspicuousness of the words "WITH MILK" on the front label of the Challenged Products and (2) the alleged omission of the DV%

for protein on the Nutrition Facts Panel on the Challenged Products. Accordingly, testing associated with the protein content are not relevant to Plaintiffs' case. Defendant also objects to this Interrogatory because Plaintiffs already have the information requested in their possession or available to them, as accurate protein content is stated on the Nutrition Facts Panels for each of the Challenged Products. Defendant further objects to this Interrogatory to the extent that it seeks the production of information protected against disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Defendant objects to this Interrogatory as improperly compound. Defendant objects to this Interrogatory to the extent it seeks the disclosure of commercially sensitive or proprietary and confidential information, which has not been disclosed publicly and which, if disclosed, would cause Defendant harm.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Defendant will conduct a reasonable search for exemplars of the labels and relevant dates of circulation for the Challenged Products sold in California from July 2, 2017 through the present, and produce responsive non-privileged documents in its possession, custody, or control.

**INTERROGATORY NO. 8**:
For each PRODUCT where DEFENDANT did not include a percent daily value for protein on the PRODUCT packaging but did include a protein content representation on the PRODUCT LABEL outside the Nutrition Facts Panel, set for the (i) PRODUCT, (ii) represented protein content, (ii) the time period for the protein content representation and omission of the percent daily value for protein, and (iv) IDENTIFY the testing associated with the represented protein content claim, including if the protein content and/or percent daily value for protein content was tested, by whom, when (each occasion) and the methodology used to test it.

RESPONSE TO INTERROGATORY NO. 3:

Defendant objects to Plaintiffs' definition of the terms "PRODUCTS" and "PRODUCT LABELS" because it is unclear which products remain at issue in this case. To the extent that Plaintiffs allege that there are products at issue beyond those listed in Exhibit B to the SAC, "Products" and "Product Labels" is overbroad and vague. Defendant objects to this Interrogatory as geographically overbroad in that it is not limited to the products sold in the state of California. Defendant also objects on the grounds that the information sought is already in Plaintiffs' possession because accurate protein content is stated on the nutritional facts panel for each of the Challenged Products. Defendant further objects to this Interrogatory as overbroad on the grounds that it seeks information that is irrelevant and disproportionate to the needs of the case, to the extent that this case concerns whether Nature's Path included a percent daily value for protein, not whether Nature's Path properly calculated that percent daily value. Defendant further objects that this Interrogatory is improperly compound and duplicative of other Interrogatories. Defendant further objects to this Interrogatory to the extent that it seeks the production of information protected against disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Defendant objects to this Interrogatory to the extent it seeks the disclosure of commercially sensitive or proprietary and confidential information, which has not been disclosed publicly and which, if disclosed, would cause Defendant harm.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Defendant will conduct a reasonable search for exemplars of the labels and relevant dates of circulation for the Challenged Products sold in California from July 2, 2017 through the present, and produce responsive non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:**
DOCUMENTS concerning the MARKETING, MANUFACTURE, research, design, testing, sale, distribution, resale, AND/OR supply of protein in the PRODUCTS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Defendant objects to Plaintiffs' definition of the term "PRODUCTS" because it is unclear which products remain at issue in this case. To the extent that Plaintiffs allege that there are products at issue beyond those listed in Exhibit B to the SAC, "PRODUCTS" is overbroad and vague. Defendant objects to this Request as geographically overbroad in that it is not limited to the labels of products sold in the state of California or an appropriate time period. Defendant objects to the term "MARKETING" as vague and ambiguous, as it includes the undefined and overbroad phrase "form beliefs or opinions regarding the PRODUCTS." Furthermore, Defendant objects that the term "MARKETING" is overbroad and ambiguous to the extent it seeks relies on the term "Marketing Materials," which is vague and overbroad. Defendant objects to this Request to the extent it seeks documents that are not within Defendant's possession, custody, or control or that can be more easily obtained from a third party. Defendant further objects to this Request to the extent it seeks documents and information that are protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Defendant objects to this Request as overbroad on the grounds it seeks documents that are irrelevant and disproportionate to the needs of the case because it seeks documents pertaining solely to the Dismissed Claims or to claims not at issue in this case. Plaintiffs challenge two specific statements that appear on the product labels of the Challenged Products: (1) the conspicuousness of the words "WITH MILK" on the front label of the Challenged Products and (2) the alleged omission of DV% for protein on the Nutrition Facts Panel on the Challenged Products. Accordingly, documents relating to the manufacture and supply of protein in the Challenged Products are not relevant to Plaintiffs' labeling claims. Defendant objects to this Request as compound and duplicative of Request Nos. 11-14. Defendant objects to this Request to the extent it seeks Defendant's commercially sensitive or proprietary and confidential information, which has not been disclosed publicly and which, if disclosed, would cause Defendant harm.

**REQUEST FOR PRODUCTION NO. 23:**
ALL DOCUMENTS that RELATE TO COMMUNICATIONS with ANY PERSON involved in the MARKETING, MANUFACTURE, research, design, construction, testing, sale, distribution, resale, advertisement, AND/OR supply of the PRODUCTS about the inclusion/exclusion of language on the PRODUCTS' LABELS regarding protein content—i.e., number of grams of protein per serving, AND/OR the "as prepared" language—AND/OR a certain percent daily value for protein, including internal COMMUNICATIONS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Defendant objects to Plaintiffs' definition of the terms "PRODUCTS" and "PRODUCT LABELS" because it is unclear which products remain at issue in this case. To the extent that Plaintiffs allege that there are products at issue beyond those listed in Exhibit B to the SAC, "PRODUCTS" and "PRODUCT LABELS" is overbroad and vague. Defendant objects to this Request as geographically overbroad in that it is not limited to the labels of products sold in the state of California or an appropriate time period. Defendant objects to the term "MARKETING" as vague and ambiguous, as it includes the undefined and overbroad phrase "form beliefs or

opinions regarding the PRODUCTS." Furthermore, Defendant objects that the term "MARKETING" is overbroad and ambiguous to the extent it seeks relies on the term "Marketing Materials," which is vague and overbroad. Defendant objects to this Request to the extent it seeks documents that are not within Defendant's possession, custody, or control or that can be more easily obtained from a third party. Defendant further objects to this Request to the extent it seeks documents and information that are protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Defendant objects to this Request as overbroad on the grounds it seeks documents that are irrelevant and disproportionate to the needs of the case, including because it seeks information pertaining to the Dismissed Claims. Plaintiffs challenge two specific statements that appear on the ***product labels*** of the Challenged Products: (1) the conspicuousness of the words "WITH MILK" on the front label of the Challenged Products and (2) the alleged omission of DV% for protein on the Nutrition Facts Panel on the Challenged Products. Accordingly, documents relating to the manufacture and supply of protein in the Challenged Products, as well as to materials other than the labels of the Challenged Products, are not relevant to Plaintiffs' labeling claims. Defendant objects to this Request as compound and duplicative of Request Nos. 11-14 and 22. Defendant further objects to this Request as overly broad and unduly burdensome with regard to "ALL DOCUMENTS." Defendant objects to this Request to the extent it seeks Defendant's commercially sensitive or proprietary and confidential information, which has not been disclosed publicly and which, if disclosed, would cause Defendant harm.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Defendant will conduct a reasonable search for relevant documents relating to its decision to: (1) include the challenged label statement "WITH MILK" on the front label of some of the Challenged Products; and/or (2) allegedly omit the DV% for protein on the Challenged Products sold in CA from July 2, 2017 through the present, and produce responsive non-privileged documents in its possession, custody, or control.

**REQUEST FOR ADMISSION NO. 1**

Admit that YOU have never made a protein representation on the front of YOUR PRODUCT labels based on the Protein Digestibility Corrected Amino Acid Score ("PDCAAS") during the CLASS PERIOD.

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Defendant objects to this Request in its entirety on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because it pertains to the Dismissed Claims. The court already held that the "FDA does not require" Nature's Path to calculate protein content for front-label protein statements by adjusting for protein digestibility, making Plaintiffs' claims pertaining to PDCAAS on front labels expressly preempted. (*See* Dkt. No. 50 at 9-11.) Accordingly, whether Nature's Path made a protein representation on the front labels of the Challenged Products based on PDCAAS is no longer at issue in this case. Defendant further objects to this Request on the grounds that it is overbroad, vague, and ambiguous, particularly with respect to the phrases "YOUR PRODUCTS" and "based on the Protein Digestibility Corrected Amino Acid Score." Defendant further objects to this Request to the extent that it mischaracterizes Defendant's business practices.

Subject to and without waiving these objections and the general objections, Defendant responds: Denied.

**REQUEST FOR ADMISSION NO. 2**

Admit that YOU have not determined the Protein Digestibility Corrected Amino Acid Score ("PDCAAS") for any of the PRODUCTS during the CLASS PERIOD.

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Defendant objects to this Request in its entirety on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because it pertains to the Dismissed Claims. Plaintiffs challenge two specific statements that appear on the product labels of the Challenged Products: (1) the conspicuousness of the words "WITH MILK" on the front label of the Challenged Products and (2) the alleged omission of the DV% for protein on the Nutrition Facts Panel on the Challenged Products. Accordingly, whether Nature's Path calculated the PDCAAS for the Challenged Products is not relevant to Plaintiffs' labeling claims. Defendant further objects to this Request on the grounds that it is overbroad, vague, and ambiguous, particularly with respect to the phrases "determined the Protein Digestibility Corrected Amino Acid Score" and "any of the PRODUCTS." Defendant further objects to this Request to the extent that it mischaracterizes Defendant's business practices.

Subject to and without waiving these objections and the general objections, Defendant responds: Denied.

**REQUEST FOR ADMISSION NO. 3**

Admit that YOU have not determined the "CORRECTED AMOUNT OF PROTEIN PER SERVING" for any of the PRODUCTS.

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Defendant objects to this Request in its entirety on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs challenge two specific statements that appear on the product labels of the Challenged Products: (1) the conspicuousness of the words "WITH MILK" on the front label of the Challenged Products and (2) the alleged omission of the DV% for protein on the Nutrition Facts Panel on the Challenged Products. Accordingly, whether Nature's Path determined the "CORRECTED AMOUNT OF PROTEIN PER SERVING" is not relevant to Plaintiffs' labeling claims. Defendant further objects to this Request on the grounds that it is overbroad, vague, and ambiguous, particularly with respect to the phrases "determined the 'CORRECTED AMOUNT OF PROTEIN PER SERVING'" and "any of the PRODUCTS." Defendant further objects to this Request to the extent that it mischaracterizes Defendant's business practices.

Subject to and without waiving these objections and the general objections, Defendant responds: Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the protein quantities stated on the front of YOUR PRODUCT LABELS do not state the "CORRECTED AMOUNT OF PROTEIN PER SERVING" for any of the

PRODUCTS during the CLASS PERIOD.

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Defendant objects to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because it pertains to the Dismissed Claims. The court already held that the "FDA does not require" Nature's Path to calculate protein content for front-label protein statements by adjusting for protein digestibility, making Plaintiffs' claims pertaining to corrected amounts of protein on front labels expressly preempted. (*See* Dkt. No. 50 at 9-11.) Accordingly, whether Nature's Path made a protein representation on the front labels of the Challenged Products based on the corrected amount of protein per serving is no longer at issue in this case. Defendant further objects to this Request on the grounds that it is overbroad, vague, and ambiguous, particularly with respect to the phrases "YOUR PRODUCT LABEL," "CORRECTED AMOUNT OF PROTEIN PER SERVING," and "any of the PRODUCTS." Defendant further objects to this Request to the extent that it mischaracterizes Defendant's business practices.

Subject to and without waiving these objections and the general objections, Defendant responds: Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that during the CLASS PERIOD the protein quantities stated on the front of YOUR PRODUCT labels are based on nitrogen testing.

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Defendant objects to this Request in its entirety on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because it pertains to the Dismissed Claims. The court already held that the "FDA does not require" Nature's Path to calculate protein content for front-label protein statements by using Plaintiffs' preferred testing methodology. (*See* Dkt. No. 50 at 9-11.) Accordingly, whether Nature's Path made a protein representation on the front labels of the Challenged Products based on nitrogen testing is no longer at issue in this case. Defendant further objects to this Request on the grounds that it is overbroad, vague, and ambiguous, particularly with respect to the phrase "nitrogen testing." Defendant further objects to this Request to the extent that it mischaracterizes Defendant's business practices.

Subject to and without waiving these objections and the general objections, Defendant responds: Denied.